IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MARVIN STOXSTELL <br>    Plaintiff, | § <br> § <br> § |
| VS. | §   C.A. 6:12cv357 <br> § |
| UNION PACIFIC RAILWAY <br>  COMPANY | § <br> § <br> § |
|    Defendant. | § <br> § |

**UNION PACIFIC RAILWAY COMPANY'S ANSWER
AND AFFIRMATIVE DEFENSES**

TO THE UNITED STATES DISTRICT COURT JUDGE

Defendant UNION PACIFIC RAILROAD COMPANY, incorrectly named herein as "Union Pacific Railway Company," (herein UNION PACIFIC) files its Answer to Plaintiff's Original Complaint for an action brought by Marvin Stoxstell ("Plaintiff") pursuant to the Federal Employer's Liability Act, 45 U.S.C. §51 *et seq.* Defendant herein states as follows:

### I. COMPLAINT

### A. JURISDICTION

1. Union Pacific admits, in part, the allegations contained in Paragraph 1 of the Complaint. Union Pacific admits that it is engaged in interstate commerce. Union Pacific further admits that Plaintiff was employed by Defendant to further those activities. However, Union Pacific denies that the injuries complained of in this Complaint were sustained within the course of that employment. Union Pacific does not contest jurisdiction pursuant to the Federal Employer's Liability Act, 45 U.S.C. § 51, et seq., as alleged in Paragraph 1 of Plaintiff's Original Complaint.

## B. Parties

2. Union Pacific admits the allegations contained in Paragraph 2 of the Complaint.

3. Union Pacific is not contesting jurisdiction or service in this matter.

## C. Venue

4. Union Pacific is not contesting venue in this Court.

## D. Nature of the Action

5. Union Pacific denies the allegations of Paragraph 5 of the Complaint.

6. Defendant admits that it is a common carrier by railroad engaged in interstate commerce through and between the several states, and that Plaintiff was employed by Defendant to further those activities. Defendant denies that the injuries complained of in this Complaint were sustained within the course and scope of that employment.

7. Defendant denies the allegations of Paragraph 7 of the Complaint.

8. Union Pacific denies the allegations of Paragraph 8 of the Complaint.

## E. Cause of Action
## Violation of Railroad Safety Statutes and Regulations

9. Union Pacific denies the allegations of Paragraph 9 of the Complaint.

## F. Damages

10. Union Pacific denies the allegations of Paragraph 10 of the Complaint.

11. Union Pacific admits that, on the date of the alleged incident, Plaintiff was employed as a railroad worker. Union Pacific denies the remainder of Paragraph 11 of the Complaint.

12. Union Pacific denies the allegations of Paragraph 12 of the Complaint.

### G. Jury Demand

13. Union Pacific demands a jury trial

### H. Prayer

14. Union Pacific contests any claim for relief presented in Plaintiff's prayer.

## II. Union Pacific's Defense

### A. Union Pacific was not Negligent

15. Union Pacific is not guilty of any negligence or any violation of statute or regulation that caused, in whole or in part, any of Plaintiff's alleged injuries and/or damages.

### B. Contributory Negligence

16. Union Pacific also argues that Plaintiff's own negligence, rather than that of Union Pacific or any of its employees, caused his alleged injury and damages. Furthermore, Union Pacific would show that at the time and on the occasion in question, Plaintiff failed to exercise the degree of care an ordinarily prudent person, under the same or similar circumstances, would have exercised, and such failure was a proximate cause and/or sole proximate cause and/or and producing cause and/or the sole producing cause and/or a cause in whole or in part of the incident made the basis of this suit and the resulting injuries and damages sustained by the Plaintiff.

### C. Affirmative Defenses

17. In addition, Union Pacific would show that if Plaintiff sustained an injury or illness as alleged, said injury or illness may have been the result, in whole or in part, of a pre-existing condition and/or subsequently occurring or existing condition and/or subsequently occurring or existing injury or condition which was not caused by,

produced by, or a result of the incident at issue. As a result, Plaintiff's monetary recovery, if any, should be diminished by the proportion of damages assigned to causes other than Union Pacific's negligence, if any.

18. Union Pacific also states that advances, payments or benefits which Plaintiff received as a result of this injury should offset any monies he recovers in this action. Furthermore, Union Pacific asserts that at the time of the incident made the basis of this suit, Plaintiff was a member of a labor union that acted as his duly constituted agent for collective bargaining purposes. In that capacity, said union entered into a collective agreement that Union Pacific would provide certain wage, disability and/or medical benefits to union members such as Plaintiff who allegedly injured themselves and/or became disabled under certain prescribed circumstances. However, the agreement provides that such benefits may be offset against any money that Plaintiff, or his representative, may recover by judgment or settlement in suits arising out of the incident, which gave rise to the payment of benefits. Union Pacific asserts that Plaintiff received such benefits. Consequently, Union Pacific now pleads for such offsets, and reserves the right to more specifically plead the type and amounts of same, so that they may be deducted from Plaintiff's recovery, if any, in his case.

19. Union Pacific alleges that Plaintiff failed to mitigate his damages as required by law.

20. Union Pacific maintains that Plaintiff's claims are precluded.

21. Union Pacific further alleges that the incident at issue and the consequent injuries, if any, to Plaintiff were not caused by any act of negligence, either of commission or omission, on the part of Union Pacific. To the contrary, Union Pacific

maintains that such injuries and damages were directly and proximately caused by the negligence of a third party or parties over whom Union Pacific has no supervision or control. Therefore, Defendant, Union Pacific, asks that the causation attributable to all persons, entities and producers be compared in determining the liability, if any, for the occurrence and damages allegedly sustained by Plaintiff. Union Pacific would show the Court that if any judgment is entered in this cause against Union Pacific on any grounds, which liability is expressly denied, it would be entitled to have any recovery reduced on a comparative or contributory fault basis.

### III. PRAYER

WHEREFORE, PREMISES CONSIDERED, UNION PACIFIC RAILROAD COMPANY, prays that Plaintiff take nothing by reason of this suit and for such other relief, both in law and in equity, as the Court may deem just and proper.

Respectfully submitted,

**CONNELLY • BAKER • WOTRING L.L.P.**

_____
Mainess Gibson
Attorney-in-Charge
State Bar No. 07869500
Earnest W. Wotring
State Bar No. 22012400
Glenda H. Kirsch
State Bar No. 11532100
600 Travis, Suite 700
Houston, Texas  77002
Telephone:    (713) 980-1700
Facsimile:    (713) 980-6925
mgibson@connellybaker.com
ewotring@connellybaker.com
gkirsch@connellybaker.com

**ATTORNEYS FOR DEFENDANT
UNION PACIFIC RAILROAD
COMPANY, incorrectly named herein as
Union Pacific Railway Company**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for Plaintiff, Mr. Ross Citti, and by certified mail, return receipt requested, on July 30, 2012:

Youngdahl & Citti, P.C.,
12621 Featherwood Drive, Suite 240
Houston, Texas  77034-4906

_____
Earnest Wotring